IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Ronald Bruce Hartnett, and Dennis L. Netherton,

      Plaintiffs,

      vs.                                  Case No. 14-1394-JTM

The City of Ensign, Kansas, *et al.*,

      Defendants.

MEMORANDUM AND ORDER

This is an action brought under 42 U.S.C. § 1983 by *pro se* plaintiffs Robert Bruce Hartnett[1] and Dennis Netherton, against various officials and citizens of the small town of Ensign, Kansas, based upon the August 30, 2011 removal of an automobile, trailer, and other property deemed to be junk and in violation of City Ordinances. The plaintiffs' Complaint centers on the actions of the Mayor of Ensign who supported and enforced the City's cleanup ordinances, and the Municipal Court Judge who tried the nuisance action and fined Hartnett on June 9, 2011.  However, plaintiffs have also sued the former Mayor, members of the City Council, the County Undersheriff, various spouses of these officials, and the owner of the body shop who towed the automobile.

---

[1]The lead plaintiff consistently refers to himself as "Ronald Bruce, Harnett *sui juris*."

The plaintiffs filed their action on November 21, 2014, and the defendants have moved to dismiss the action as untimely.[2] (Dkt. 14, 16). For claims advanced under § 1983, the court looks to the comparable state statue of limitations, here the two-year period set forth in K.S.A. 6–513(a)(4). *See Hamilton v. City of Overland Park,* 730 F.2d 613 (10th Cir. 1984).

All of the injuries allegedly inflicted on the plaintiffs occurred no later than the date of the trial and fine. Plaintiffs in their Reply offer no justification for the delay, other than to stress that they are acting "in *in propria persona* and in their Proper Person," that they "readily admit that they are not 'learned in jurisprudence,'" but that in bringing their action they acted in "reliance upon the advice of several of those allegedly 'in jurisprudence.'" (Dkt. 19, at 1-2). Plaintiffs do not identify the persons allegedly tendering this advice.

None of the events cited by plaintiffs occurred within the relevant limitations period, and the court hereby dismisses the action.

The court notes that the defendants have separately moved (Dkt. 23) to strike a Surreply which was filed by *pro se* plaintiffs without leave of court. *See Azim v. Tortoise Capital Advisors*, LLC, 13-2267-KHV (D. Kan February 24, 2014) (noting the disfavor for such pleadings and the requirement for prior approval). However, the court need not

---

[2]The defendants have also asserted other grounds for dismissal, including the failure to state a claim for relief, judicial immunity, legislative immunity, qualified immunity, and the existence of a valid underlying conviction and sentence for violation of city ordinances, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because the court finds plaintiffs' claims are clearly barred by the statute of limitations, the court need not address these additional arguments.

resolve the motion to strike because the Surreply presented by the plaintiffs also fails to present any credible assertions of specific conduct by the defendants within the relevant limitations period, or any valid basis for tolling the statute of limitations.

IT IS ACCORDINGLY ORDERED this 15th day of May, 2015, that the defendants' Motions to Dismiss (Dkt. 14, 16) are hereby granted; defendants' Motion to Strike (Dkt. 23) is denied as moot.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE